IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN BISHOP | ) |
| | ) |
| v. | ) Case No. 3:16-1123 |
| | ) |
| HAMYA, INC., d/b/a Z Mart; | ) |
| HUSANI HASSAN; and | ) |
| THE METROPOLITAN GOVERNMENT | ) |
| OF NASHVILLE AND DAVIDSON | ) |
| COUNTY, TENNESSEE | ) |

To: Honorable Kevin H. Sharp, Chief District Judge

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Metro's [The Metropolitan Government of Nashville and Davidson County] Motion for Summary Judgment Based on Subject Matter Jurisdiction (the "Summary Judgment Motion") (Docket No. 38). By Order entered November 4, 2016 (Docket No. 49), Defendant Metro's Summary Judgment Motion was referred to the Magistrate Judge for a report and recommendation.

For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that Defendant Metro's Summary Judgment Motion be DENIED.

**Background and Proceedings**

Plaintiff Martin Bishop ("Bishop" or the "Plaintiff") filed this lawsuit on June 2, 2016, based on diversity of citizenship and supplemental jurisdiction, seeking generally relief under the common law of Tennessee and the Governmental Tort Liability Act for the allegedly negligent acts

1

of employees of Defendant Metro and the other Defendants, which purportedly resulted in serious injuries to Plaintiff. Docket No. 1. Defendant asserts in his complaint that he is a resident of San Francisco, California. Docket No. 1 at 1, ¶ 1.1. Metro asserts that Plaintiff has not demonstrated diversity of citizenship under 28 U.S.C. § 1332, and argues that Metro is therefore entitled to judgment as a matter of law. Docket Nos. 38 and 39. Plaintiff argues that he has sufficiently shown diversity and the burden is thus shifted to Metro to establish that Plaintiff's domicile is not as claimed. Docket No. 48 at 3.

### **Analysis**

Metro correctly recites the requirements for diversity jurisdiction. Metro also correctly recites an appropriate standard for determination of a party's domicile, which is necessary to decide whether there is diversity jurisdiction. Where the standards and Metro's position diverge is the sufficiency of proof of domicile offered by Plaintiff; the Court finds unavailing Metro's argument that Plaintiff's declaration of his own domicile (Docket No. 43-2) is untimely.

The Initial Case Management Order did not, as Metro suggests, require Plaintiff to incontrovertibly prove his residency for purposes of diversity jurisdiction by a date certain. Metro raised the issue about Plaintiff's residency or domicile, and Metro was given an opportunity to conduct any discovery it deemed appropriate, formal or otherwise, regarding that issue. Metro had a number of options available to it during the period of allowed discovery about Plaintiff's residence. *See* Docket No. 36 at ¶ F. Metro could have conducted formal discovery, including taking a video or other deposition of Plaintiff limited in scope to that issue. Metro could have requested a clarification if there was some confusion, misunderstanding or disagreement about the kind and timing of discovery contemplated by the Initial Case Management Order. What Metro apparently chose to do was rely on the information informally provided by Plaintiff and proceed with the instant motion for

summary judgment. While that choice may not play out the way Metro envisioned, and while it would certainly have conserved judicial resources if Plaintiff had provided his own declaration of domicile before October 14, there is nothing in the discussion at the initial case management conference or in the Initial Case Management Order that requires Plaintiff to have offered his declaration by the discovery deadline or precludes him from doing so now.

Domicile depends largely on intent. To acquire domicile in Tennessee, Plaintiff would not only have needed to be physically present here, he would also have needed "either the intention to make his home [here] indefinitely or the absence of an intention to make his home elsewhere." *Ford Motor Co. v. Collins*, No. 11-15011, 2011 WL 5877216 (E.D. Mich.) (citing *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)). *See also Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989) *(*to establish domicile within a state, the person must have a "physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.") and *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there.") To dispute Plaintiff's intent, Metro needed to at least have asked him what his intent was, which Metro didn't do.[1]

Plaintiff's complaint alleges that he is a resident of San Francisco, California, and that diversity jurisdiction exists in this case. Docket No. 1 at ¶¶ 1.1 and 4.1. Plaintiff's declaration clearly states that he resided in California prior to the accident giving rise to the claims in this case, that he was passing through Tennessee at the time of the accident after a visit to his mother in North Carolina, and that he temporarily resided in a rehab facility in Nashville for several months following the

---

[1] Tellingly, Metro does not refute the substance of Plaintiff's affidavit, but merely asserts that it is untimely and therefore ought not to be considered. The burden of refuting Plaintiff's domicile rests with Metro. *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968).

3

accident while he recovered from his injuries. Docket No. 43-2 at ¶¶ 1-4. Plaintiff further declares that he returned to California when medically able to do so, where he presently resides in a rehab center, and that he intends to reside in California for the foreseeable future. *Id*. at ¶¶ 5-8. Finally, Plaintiff states that he remained in Tennessee only as long as medically necessary, and it was never his intent to reside in Tennessee or become a permanent resident of Tennessee. *Id*. at ¶ 9. These statements sufficiently demonstrate that Plaintiff's domicile at the time of the accident was California, which establishes diversity for jurisdictional purposes.[2] Additionally, the fact that Plaintiff chose to leave Tennessee and return to California while still in need of significant care and assistance with even his most basic activities of daily living, as attested to by the letter from Plaintiff's physician at the California rehab center, further supports that Plaintiff intended for California to be—and remain—his domicile.[3]

**Conclusion**

For all of these reasons, Metro is not entitled to summary judgment on the issue of subject matter jurisdiction, and the undersigned Magistrate Judge therefore respectfully recommends that Metro's Motion for Summary Judgment Based on Subject Matter Jurisdiction (Docket No. 38) be DENIED.

---

[2] If during the course of discovery, Metro becomes aware of other or contradictory information about Plaintiff's domicile, it may challenge subject matter jurisdiction at any time prior to final judgment. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

[3] Metro's arguments that the doctor's letter is inadmissible hearsay and therefore should be excluded from consideration are unpersuasive. As noted by the Sixth Circuit, "the issue of jurisdiction is heard by the judge alone…. [and] the District Judge is capable of weighing the extent of hearsay or of self-service motivation involved in the contested statements." *Kaiser v. Loomis, supra*.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge