UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARTIN BISHOP,  CASE NO. 3:16-CV-1123
 HON. GEORGE CARAM STEEH*

    Plaintiff,

v.

HAMYA, INC. ET AL.,

    Defendants.
_____/

## OPINION AND ORDER

This negligence action based on diversity jurisdiction arises out of a tragic accident: plaintiff Martin Bishop was assaulted outside a convenience store and left unconscious and prone in the middle of the street, when a tow truck, driven by an employee of defendant Metropolitan Government of Nashville and Davidson County ("Metro"), ran over him causing catastrophic injuries. Plaintiff alleges that Metro is liable for failing to maintain adequate lighting on the street and is vicariously liable for the negligence of its tow truck driver. Now before the court is Metro's motion for partial judgment on the pleadings as to the inadequate lighting theory of liability only. Previously, this court dismissed the same claim brought

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

against the public utility. For the same reasons that the public utility company was previously dismissed, Metro is likewise entitled to partial judgment on the pleadings.

**I. Procedural Background**

The facts of this case are well known to the parties and were set forth in detail in the prior order of the court dismissing the public utility. Accordingly, here the court summarizes only the procedural background pertinent to the limited motion now before the court.

In the Amended Complaint, plaintiff alleges the same claims against Metro and the public utility, alleging that one of the two owned, controlled, and maintained the street lighting in question. Previously, the public utility filed a motion to dismiss claiming, among other defenses, that it owed no duty of care to maintain streetlights to the plaintiff. In its thoughtful and thorough opinion, the court observed that Tennessee courts have not definitively determined whether a municipality or its public utility owes a duty to the public to install, maintain, and repair street lights on a roadway, and then proceeded to canvas precedent from various jurisdictions in order to make an *Erie* guess as to how the Tennessee Supreme Court would resolve the issue. The court found that the majority view was that a public utility or municipality owes no duty to the public for missing or inoperable street lights, and upon an examination of public policy reasons supporting

such a viewpoint, the court adopted the majority view and held that the public utility owed no duty to the public and could not be liable for negligence.

In the motion now before the court, Metro argues that applying the same reasoning which justified the dismissal of the public utility, it is entitled to dismissal on the negligence claim as it relates to the allegedly inadequate lighting. Metro does not seek dismissal for the alleged negligence of its tow truck driver. In response, plaintiff relies on his brief in opposition to the public utility's motion to dismiss, apparently conceding that his negligence claims based upon a theory of inadequate lighting against the public utility and Metro should be analyzed in the same manner.

## II. Standard of Law

The same standard applies to Rule 12(c) motions as motions to dismiss under Rule 12(b)(6). *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006). Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked

assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

### III. Analysis

In the Amended Complaint, plaintiff alleges that Metro's governmental immunity is removed pursuant to Tenn. Code Ann. §§ 29-20-202, 203, 204 and 205. In the motion now before the court, Metro argues that plaintiff's Section 29-20-202 and -204 claims should be dismissed. The court first addresses the Section 202 claim. Section 202 provides:

> (a) Immunity from suit of all governmental entities is removed for injuries resulting from the negligent operation by any employee of a motor vehicle or other equipment while in the scope of employment.

Tenn. Code Ann. § 29-20-202.  In its prior order dismissing the public utility, the court found that the utility could not be liable under Section 202 because the tow truck driver was employed by Metro, not the utility. Obviously, this analysis does not justify dismissal of Metro, and the court shall not dismiss the Section 202 claim.

Based upon Metro's discussion in its brief, it appears that Metro may have meant to seek dismissal of plaintiff's Section 203 claim.  Section 203 provides:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.

Tenn. Code Ann. § 29-20-203.  In its prior order, the court found that the public utility could not be liable under Section 203 because it did not own Lafayette Street where the accident occurred.  For the same reason, Metro is entitled to dismissal of the Section 203 claim as it does not own Lafayette Street.

The court turns now to plaintiff's Section 204 claim.  Section 204 provides:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam,

>reservoir or other public improvement owned and controlled by such governmental entity.

Tenn. Code Ann. § 29-20-204. In its prior order, the court found that a street light falls under the parameters of Section 204 as either or structure or improvement, but that conclusion was only the first inquiry. The next step was to determine if plaintiff could prove the underlying elements of a tort claim. In order to prove negligence, the plaintiff must first establish that the defendant owed some duty to him. The question of duty is a question of law for the court to decide. As discussed previously, the court found that neither Metro nor the public utility owed a duty to plaintiff to maintain the street light in working condition. (Doc. 72 at PgID 448-51). This is now the law of the case.

This Court is compelled follow the law already set forth in this case by Judge Sharp, under the well-established law-of-the-case doctrine. "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618 (1983). "This rule promotes finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Doyle v. City of Columbus*, 41 F. Supp. 2d 765, 767 (S.D. Ohio 1998)(quoting *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816 (1988)).

"The law of the case doctrine dictates that issues, once decided, should be reopened only in very limited, exceptional circumstances." *Id.* (citing *Petition of United States Steel Corp.,* 479 F.2d 489, 494 (6th Cir. 1973)). Such circumstances do not exist here. To the contrary, Judge Sharp's opinion was thoughtful and well reasoned and the court adopts his holding and reasoning here. Based on the doctrine of the law-of-the-case, Metro is entitled to dismissal of the Section 204 claim.

## IV. Conclusion

For the reasons set forth above, defendant Metro's motion for partial judgment on the pleadings (Doc. 75) is GRANTED and plaintiff's claims under Tenn. Code Ann. Sec. 29-20-203 and 204 are DISMISSED. Plaintiff's claims arising out of the negligence of the tow truck driver pursuant to Tenn. Code Ann. Sec. 29-20-202 and 205 remain viable.

**IT IS SO ORDERED.**

Dated: August 17, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE