UNITED STATES DISTRICT COURT
MIDDLE DISTRICT TENNESSEE

ANGELA SIMONS and
ELIZABETH MATTHEWS, as the
surviving sisters and next of kin of
MARTIN BISHOP,

        Plaintiffs,

vs.

THE METROPOLITAN GOVERNMENT
OF NASHVILLE AND DAVIDSON
COUNTY, TENNESSEE,

        Defendant.
_____/

Case No. 16-CV-01123
HON. GEORGE CARAM STEEH

### MEMORANDUM OPINION & ORDER: FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR NONJURY TRIAL

This diversity suit arises out of a tragic accident in which the decedent, Martin Bishop, who after being knocked unconscious and left prone on the roadway in the dark, was accidentally struck by a tow truck driven by an employee of the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro" or "Defendant"). Three other defendants, including the public utility, and landlord and tenant of the property where the assault of Bishop allegedly began, have been dismissed by prior orders of the court. The sole remaining claim in this

lawsuit is whether Defendant Metro was liable for the alleged negligence of its tow truck driver.

This matter came before the court on October 21 and 22, 2019, for a bench trial. The attorneys for both sides are to be commended for their advocacy, efficiency, and professionalism. After giving careful consideration to the testimony of the lay and expert witnesses and taking into account their interests and demeanor, the exhibits introduced at trial, the proposed findings of fact and conclusions of law (ECF No. 242 and 244), and the applicable law, the court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). To the extent there is any contrary testimony on a specific matter found, the court has rejected that testimony. As set forth in detail below, the court concludes that Defendant is not liable inasmuch as the driver of the tow truck exercised reasonable care, was traveling below the speed limit, and given the lighting and conditions at the time, could not have seen or avoided Bishop prior to impact.

**I. Findings of Fact**

1. On the evening of January 13, 2016, Bishop and another individual, David Light, went to the Z-Mart convenience store located on Lafayette Street, in Nashville, Tennessee.

2. While near the Z-Mart parking lot, drug dealers and thieves approached Bishop and tried to rob him. They chased him down Lafayette Street towards Fourth Avenue. Bishop was struck in the head by a rock and was knocked unconscious. After he was knocked unconscious, Bishop was left lying in the interior lane of eastbound Lafayette Street, approximately 422 feet east of the Fourth Avenue intersection, just outside the overpass of the Interstate 40 access road.

3. Bishop was wearing camouflage and Light was wearing dark clothing.

4. Shortly after the assault, a tow truck owned by the Defendant and driven by its employee, James Lyons, stopped at the intersection of Fourth Avenue and Lafayette. When the light turned green, Lyons turned from Fourth Avenue onto Lafayette.

5. Lyons turned into the left lane as was his practice to avoid any pedestrian stepping from the sidewalk into the roadway.

6. Lyons was towing a police vehicle back to Defendant's facility on Murfreesboro Road, and was driving below the speed limit at approximately 30 miles per hour. The posted speed limit on Lafayette was 35 miles per hour.

7. As he turned, Lyons used his sideview mirrors to observe his tow load to make sure it was tracking properly, while also keeping a proper forward lookout.

8. As Lyons approached the I-40 underpass, Light waved his arms in an effort to alert the tow truck driver that Bishop was lying in the roadway.

9. Lyons applied his brakes and turned to the left to avoid Light. At approximately, 8:56 p.m., the tow truck struck Bishop. Bishop's head was caught underneath one of the tow truck tires. Lyons backed up and emergency services were called.

10. The area where Bishop was struck was poorly lit and one of the streetlights in that area was not functioning at the time of the accident. At the location of the accident, Lafayette Street has six lanes of traffic. There were sidewalks running down Lafayette Street, as well as traffic signals, streetlights, and crosswalks at both adjacent intersections.

11. Lyons was familiar with the area, having driven through there with the tow truck on a weekly basis, and had never seen a pedestrian in the area other than at a crosswalk or at a traffic light.

12. Lyons had performed a safety check of the tow truck on the day of the accident.

13. Lyons was not distracted while driving. He was not using a cellphone, nor was he eating or drinking. He was not under the influence of alcohol. He had never had an accident or traffic citation while employed by the Defendant.

14. He had his emergency equipment, including a strobe light bar, activated to enable others to see him.

15. Lyons drove with his standard headlights. The tow truck's standard headlights would not have provided enough illumination for Lyons to see Bishop and Light, who were wearing camouflage and dark clothing respectively, until his vehicle was less than 100 feet away. It would take the tow truck less than two and a half seconds to travel 100 feet. A reasonable perception-response time for this incident would be more than two seconds. Given the lighting in the area and the speed limit, Lyons would not have been able to see Bishop in time to avoid the accident.

16. The above findings derive in part from the testimony of Defendant's expert, accident reconstructionist Andrew Cherepon. The court deems his testimony to be credible and worthy of great weight under Federal Rule of Evidence 702 because it is based on sufficient facts and data, is the product of reliable principles and methods, and there is a solid foundation for his conclusions and methodology.

## II. Conclusions of Law

1. This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

2. In order to establish a negligence claim against Metro pursuant to Tenn. Code Ann. § 29-20-202(a), Plaintiffs Angela Simons and Elizabeth Matthews (Tuper), Bishop's next of kin, must demonstrate that Lyons negligently operated the tow truck while in the scope of his employment. For the reasons set forth below, Lyons used reasonable care and did not act negligently. Accordingly, Defendant is immune from liability.

3. Negligence may not be presumed merely because there is an accident or injury. *Williams v. Jordan,* 346 S.W.2d 583, 586 (Tenn. 1961).

4. A driver is required to keep a lookout as an ordinarily prudent person would have kept under the same or similar circumstances. *Combs v. Rogers*, 450 S.W.2d 605, 607 (Tenn. Ct. App. 1969). A driver "must not only keep a proper lookout ahead, but also must watch traffic and pedestrians on each side and to the rear." *Strickland Transp. Co. v. Douglas*, 264 S.W.2d 233, 237 (Tenn. Ct. App. 1953). Tennessee's common law duty to maintain a proper forward, side, and rearview is codified at Tenn. Code Ann. § 55-8-143 which requires that when changing lanes a driver "shall first see that movement can be made in safety."

5. In order to prove negligence under Tennessee law, a plaintiff must prove: (1) a duty of care owed by the defendant to the plaintiff, (2) conduct falling below the standard of care amounting to a breach of that duty, (3) an injury or loss, (4) causation-in-fact, and (5) proximate cause. *Borne v. Celadon Trucking Servs., Inc.*, 532 S.W.3d 274, 300 (Tenn. 2017). This court previously held that Defendant owed Plaintiff a duty of care. (ECF No. 164). But Plaintiffs have failed to demonstrate that Lyons breached that duty of care, or was the cause in fact, or proximate cause, of the accident.

6. **Duty of Care**. Plaintiff has failed to demonstrate that Lyons breached a duty of care. Lyons maintained a proper lookout by checking his side view mirrors to observe that his tow load was tracking properly, and by keeping an appropriate forward look out. He turned into the inside driving lane to protect against the possibility of pedestrians stepping off the sidewalk into traffic. He was traveling below the posted speed limit. He was not on his cellphone, eating or drinking, or otherwise distracted. He had inspected his vehicle at the start of his shift. He had all of his emergency equipment, including a strobe light bar, on to enable others to see him. Lyons towed vehicles on Lafayette Street weekly, and had never seen a pedestrian where Bishop was located in the middle of the roadway,

not on the sidewalk or at an intersection. He was using his standard beam lights as was appropriate for his location in a busy urban area that was lit by streetlights. Lyons had never received any traffic citations while working for Metro nor had he been involved in any prior accidents. Lyons applied his brakes and moved to the left to avoid striking Light who was standing in the roadway waving his arms. Lyons maintained proper control of the vehicle at all times. Bishop was wearing camouflage while lying prone on the roadway in the dark, and was not visible to Lyons in time for him to avoid the unfortunate accident.

In reaching its conclusion here that Lyons used reasonable care, the court has rejected the opinion testimony of Plaintiff's expert, Gratzianna, that Lyons acted negligently because he did not "expect the unexpected" or use his high beams. The court finds that it would not have been reasonable for Lyons to expect to find a person lying in the middle of the roadway wearing camouflage clothing at night, and that it would not have been appropriate for him to use his high beams at this busy roadway, near a highway overpass, in downtown Nashville that was lit by streetlights.

7. **Causation in Fact.** Lyons did not cause this unfortunate accident. Lyons maintained a proper lookout, used his standard headlights and emergency equipment, traveled below the speed limit, maintained constant

control of his vehicle, and applied the brakes as soon as he saw Light. Lyons never saw Bishop until after he got out of his truck to find Bishop trapped under his tire. The true cause in fact of Bishop's fatal injuries was his assault by thieves and drug dealers which rendered him unconscious and left prone on the highway. Given all of the above discussed findings of fact, Lyons acted within the reasonable response time for an ordinarily prudent person.

8. **Proximate Cause**. Lyons' driving also was not the proximate cause of the accident. To establish proximate cause, the Tennessee Supreme Court has articulated a three-pronged test: (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm complained of; (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence. *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991). For the reasons set forth above, Lyons' careful and reasonable driving was not a substantial factor in causing the accident. The emergency created by Bishop's assailants who struck him in the head with a rock, knocked him unconscious, and left him prone on the highway was the proximate cause

of his fatal injuries. Bishop's presence on the pavement could not have been reasonably foreseen. Tennessee courts have found no negligence by motorists in similar circumstances where pedestrians could not reasonably have been anticipated. *See, e.g., Lowery v. Franks*, No. 02A01-9612-CV-00304, 1997 WL 566114, at * 1 (Tenn. Ct. App. Sept. 10, 1997) (affirming summary judgment in favor of motorist who accidentally struck and killed a pedestrian, who walked into the roadway in the dark while wearing dark clothing); *McCain v. Pugh*, No. W2000-02218-COA-R3-CV, 2002 WL 818227, at *4 (Tenn. Ct. App. April 29, 2002) (affirming directed verdict for motorist who observed woman on sidewalk and had no reason to expect her to step into the roadway).

9. **Immunity**. Because Lyons did not act negligently, Defendant is entitled to immunity pursuant to Tenn. Code Ann. § 29-20-201(a), and there is no statutory removal of immunity pursuant to Tenn. Code Ann. § 29-20-202 and 205.

### III. Conclusion

Based on the court's findings of fact and conclusions of law, the court determines that Defendant is not liable, is immune from suit, and judgment shall enter for Defendant.

The court also DENIES Defendant's motion in limine requesting a visit to the accident scene (ECF No. 232) as unnecessary given the plethora of photographs introduced at trial and testimony which allowed the court to understand the terrain of the street where the accident took place without a site visit.

**IT IS SO ORDERED.**

Dated: November 12, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE